IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 9 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

CHRISTINA L. HALE,                          )
                                            )
            Plaintiff,                      )   Civil Action No.  7:05CV00333
                                            )
v.                                          )
                                            )   **MEMORANDUM OPINION**
                                            )
JO ANNE B. BARNHART,                        )
Commissioner of Social Security,            )
                                            )   By:    Honorable Glen E. Conrad
            Defendant.                      )          United States District Judge
                                            )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Christina L. Hale, was born on November 29, 1968. Plaintiff has completed the requirements for a GED. She has also attended a local community college. While Ms. Hale has worked as a cashier, the Law Judge determined that she possesses no "past relevant work" within the meaning of the applicable social security regulations. (TR. 22). On November 19, 2002, Ms. Hale filed an application for supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment in June 2002 due to severe back pain related to an accident in 1989. She now maintains that she has remained disabled to the present time.

Ms. Hale's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 26, 2004, the Law Judge also ruled that Ms. Hale is not disabled. The Law Judge found that plaintiff suffers from a severe impairment on the basis of back pain. However, he determined that she retains sufficient functional capacity for a full range of medium exertion. Given such a residual functional capacity, and after considering plaintiff's age, education and lack of prior work experience, as well as testimony from a vocational expert, the Law Judge applied the medical vocational guidelines so as to conclude that Ms. Hale retains sufficient functional capacity for several specific medium work roles existing in significant number in the national economy. See 20 C.F.R. § 416.969, and Rule 203.28 of Appendix II to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Ms. Hale is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g).

Ms. Hale sought review of the Law Judge's opinion by the Social Security Administration's Appeals Council. In connection with her request for review, plaintiff submitted additional medical evidence. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Ms. Hale has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical

2

manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court must conclude that the plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. In finding residual functional capacity for medium exertion, the Administrative Law Judge considered a series of medical records developed in 2003. These records indicate that Ms. Hale presented for treatment of pain, but that her clinical findings were not overly remarkable. At the administrative hearing, plaintiff's attorney indicated that Ms. Hale had recently changed physicians. The attorney requested an additional period of time within which to submit new medical evidence, and the Law Judge seemingly granted that request. (TR. 185). While plaintiff's attorney submitted the new medical reports by letter dated June 30, 2004, the Law Judge did not address these new reports in his opinion.

As previously noted, following the Law Judge's decision, Ms. Hale submitted new medical evidence to the Social Security Administration's Appeals Council, in connection with her request for review. The new evidence includes results from a thoracic MRI and a lumbar MRI. Also included are assessments by Dr. Chris Covington indicating that Ms. Hale is unable to engage in sustained work activity.

After receiving the new evidence, the Appeals Council offered the following statement in its letter adopting the Law Judge's opinion as the final decision of the Commissioner:

> In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council. However, the additional evidence occurred after the August 26, 2004 hearing decision was issued and, therefore, it does not pertain to the period adjudicated by that decision.

3

We found that this information does not provide a basis for changing the Administrative Law Judge's decision. (TR. 8)

This court has consistently held that if the Appeals Council ostensibly considers new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D. Va. 1998). In Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979), a case with a slightly different procedural background than the instant case,[1] the Court ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post-June 30, 1962 evidence. Even assuming that schizophrenia is progressive in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post-June 30, 1962 evidence. As we have stated on more than one occasion, the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight. (Emphasis added). (Citations omitted).

596 F.2d at 1213. As noted by the Fourth Circuit in DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983),"[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."

The court notes that the Commissioner often cites Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991) in support of the proposition that the Appeals Council is not required to give reasons for denying a claimant's request for review. The court does not believe that the decision in Wilkins

---

[1] In Stawls, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in Stawls granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you are under a 'disability' which began on or before the date you were last insured and which existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

4

supports the Commissioner's position. In <u>Wilkins</u>, the Court held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In <u>Wilkins</u>, the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[2] The court does not believe that the decision in <u>Wilkins</u> speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the Commissioner to indicate her reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review.

In the instant case, the Law Judge explicitly declined to credit plaintiff's complaints of severe and disabling pain because her allegations were not supported by "objective findings." (TR. 20). The Law Judge went on to observe that there is no "x-ray evidence of disc disease or other bony abnormalities which could reasonably be expected to cause the pain and limitations alleged." (TR. 20). However, the court notes that in the medical records compiled in June 2004, which were submitted to the Law Judge after the administrative hearing but prior to the issuance of an opinion, results from a thoracic MRI confirmed a chronic compression fracture of T12. Furthermore, the lumbar MRI revealed facet hypertrophy with no stenosis at L5-S1 and a disc bulge at L3-4,

---

[2] This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the court is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.

5

asymmetric to the left and possibly impinging on the transversing nerve root. Obviously, such objective findings could be interpreted as a cause for plaintiff's complaints of severe and unrelenting back pain.

Likewise, the reports submitted to the Appeals Council indicate more serious physical problems than those considered by the Administrative Law Judge. Dr. Chris Covington opined that plaintiff would be disabled for some period of time due to lumbar back pain, thoracic back pain, and myofascial pain syndrome.[3] More importantly, in an assessment of plaintiff's physical ability for work-related activities, Dr. Covington reported that Ms. Hale would require a sit-stand option, and that she would be unable to stand and walk for more than two hours in an eight hour work day. Obviously, such physical findings are not consistent with the notion that plaintiff retains sufficient functional capacity for a full range of medium exertion. Given the significance of the reports submitted after the administrative hearing in this case, the court believes that the Appeals Council should have given some reason for adopting the Law Judge's opinion, despite the objective findings set forth in the new medical exhibits.

It may well be that Ms. Hale still retains functional capacity for some range of work. It may well be that, with treatment, her physical problems have improved. While the court could undertake to consider the new evidence in the first instance, the court does not believe that such a review was entrusted to its discretion under the Social Security Act. Simply stated, it appears to the court to be only reasonable to expect the Appeals Council to state some rationale in support of the determination that the evidence submitted after the administrative hearing does not provide a basis for changing

---

[3] In a memorandum in support of her motion for summary judgment, the Commissioner notes that in this report, Dr. Covington projects disability for less than twelve months. However, Dr. Covington's report gives no indication as to how long he felt that plaintiff's disability had already persisted.

6

the Administrative Law Judge's decision. The court only deems it necessary for the Appeals Council to give some reason for its action in the face of clear evidence suggesting that there may be some objective basis for plaintiff's complaints of severe pain, despite the Law Judge's opinion to the contrary. The court finds "good cause" for remand of the case for this purpose.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). An appropriate order will be entered this day. Upon remand, if the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This _29ᵗʰ_ day of November, 2005.

_____
United States District Judge

7